IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAKEICHA MARIE MINER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-2111-X-BN |
| | § | |
| TEXAS MUTUAL, | § | |
| | § | |
| Defendant. | § | |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Lakeicha Marie Miner filed a *pro se* complaint against Defendant Texas Mutual, alleging that she was in a work-related accident and that the Court has subject matter jurisdiction based on diversity of citizenship. *See* Dkt. No. 3 at 1.

United States District Judge Brantley Starr referred the complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

On September 27, 2023, the undersigned entered findings of fact and conclusions of law recommending that the Court dismiss Miner's lawsuit for lack of subject matter jurisdiction [Dkt. No. 6] (the FCR).

And it seems that Miner has responded to the FCR with an amended complaint. *See* Dkt. No. 7.

But, like Miner's initial complaint, the amended complaint (1) fails to allege a claim under federal law or allege facts to show that a state law claim in the context of this lawsuit is created by federal law or that a right to relief turns on a substantial

question of federal law, and thus allege a basis for federal question jurisdiction under 28 U.S.C. § 1331; and (2) fails to distinctly and affirmatively allege a basis for diversity jurisdiction under 28 U.S.C. § 1332, as Miner fails to allege the citizenships of each of the parties and an amount in controversy.

## Recommendation

The Court should dismiss this case for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 17, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE